PRYOR, Circuit Judge,
concurring:
I concur in the panel opinion because I agree that George Trepal is not entitled to habeas relief and that any error under Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), that occurred during Trepal’s trial was harmless. I write separately to explain why the adjudication of Trepal’s Giglio claim by the Supreme Court of Florida is also entitled to deference under Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d). The Supreme Court of Florida did not apply an incorrect standard in its adjudication of Trepal’s Giglio claim. Nor did the Florida circuit court apply an incorrect standard in its adjudication of Trepal’s Giglio claim. Either decision is entitled to deference under section 2254(d), and neither decision involves an unreasonable application of clearly established federal law.

A Nothing in the Analysis by the Supreme Court of Florida Suggests that the Court Incorrectly Identified the Standard Applicable to Trepal’s Giglio Claim or Applied the Incorrect Standard in Its Adjudication of Trepal’s Giglio Claim.

Trepal argues that the Supreme Court of Florida conflated the Giglio and Brady *1118 standards of materiality in evaluating his Giglio claim, but there is nothing in the analysis of his claim by that court to support his assertion. See Trepal v. State, 846 So.2d 405, 426-28 (Fla.2003) (Trepal II). The Supreme Court of Florida never articulated the materiality standard that it purported to apply in its adjudication of Trepal’s claim, and its analysis gives little insight into which standard it actually applied in its adjudication of that claim. See id. “Where the standards utilized by the state court are not articulated,” we “may properly assume that the state [court] applied correct standards of federal law ... in the absence of evidence ... that an incorrect standard was in fact applied.” Demps v. Wainwright, 805 F.2d 1426, 1434 (11th Cir.1986) (internal quotation marks omitted). The only discussion of the Giglio and Brady standards in the opinion by the Supreme Court of Florida appears in a section labeled “Circuit Court’s Analysis” and is a direct quote from the opinion by the state circuit court. See Trepal II, 846 So.2d at 423-25. The Supreme Court of Florida neither repeated nor otherwise adopted, in the section of its opinion labeled “This Court’s Analysis,” the statements by the circuit court regarding the Giglio and Brady standards. See id. at 426-28. The Supreme Court of Florida approved the factual findings of the circuit court and agreed with the conclusion by the circuit court “that Trepal was not impermissibly prejudiced by the testimony of Martz,” see id., but the Supreme Court of Florida never stated its standard for determining prejudice.
Nor do statements that the Supreme Court of Florida made in other opinions that adjudicated other petitioners’ Giglio claims prove that the court applied the wrong standard in adjudicating Trepal’s Giglio claim. The relevant decision for our analysis under section 2254(d) is the decision that adjudicated Trepal’s claim, not the decisions in other appeals. See 28 U.S.C. § 2254(d) (precluding federal habeas relief based upon “any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ” satisfies certain requirements) (emphasis added). The relevance to our inquiry of any decision by the Supreme Court of Florida before that court adjudicated Trepal’s claim is not readily apparent, especially when that court did not cite any of those decisions in its analysis of Trepal’s claim, see Trepal II, 846 So.2d at 426-28. Cf. Ventura, 419 F.3d at 1283 (considering the conclusions of law articulated in decisions cited by a state court in its own opinion). Although the Supreme Court of Florida erroneously suggested that the Brady and Giglio standards were equivalent in several opinions issued between 1991 and 2000, see, e.g., Rose v. State, 774 So.2d 629, 635 (Fla.2000), the opinion in Ventura v. State reveals that the Supreme Court of Florida was aware of the distinction between the Brady and Giglio standards in 2001 — well before it adjudicated Trepal’s claim in 2003. See Ventura v. State, 794 So.2d 553, 563 (Fla.2001) (quoting United States v. Alzate, 47 F.3d 1103, 1109-10 (11th Cir.1995)). It is likewise of little relevance to our inquiry that the Supreme Court of Florida “reeede[d]” from Trepal II in a later decision, “to the extent” that Trepal II stood “for the incorrect legal principle that the ‘materiality’ prongs of Brady and Giglio are the same,” because the court neither overruled Trepal II nor declared that Trepal II was intended to — or did in fact — stand for that principle. See Guzman v. State, 868 So.2d 498, 505-06 (Fla.2003).

*1119
B. Nothing in the Analysis by the Florida Circuit Court Suggests that the Court Incorrectly Identified the Standard Applicable to TrepaVs Giglio Claim or Applied the Incorrect Standard in Its Adjudication of TrepaVs Giglio Claim.

Even if the Supreme Court of Florida had adopted the analysis that appears in the section of its opinion labeled “Circuit Court’s Analysis,” the Supreme Court of Florida would not have applied the incorrect standard in its adjudication of Trepaks Giglio claim. The Supreme Court of the United States has made clear that we must “presum[e] that state courts know and follow the law,” and give state court decisions “the benefit of the doubt,” Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). Nothing in the portion of the analysis by the circuit court that appears in the opinion by the Supreme Court of Florida is sufficient to overcome the presumption that the Florida courts applied the correct standard in their adjudication of Trepaks Giglio claim.
The circuit court correctly articulated the Giglio standard for materiality in its explanation of Trepaks Giglio claim. See Trepal II, 846 So.2d at 425. The formulation of the standard by the circuit court deviated only slightly from the formulation favored by the Supreme Court in that the circuit court used “a” instead of “any” and “jury verdict” instead of “judgment of the jury,” but neither of those minor inconsistencies could have had any effect on the analysis of Trepaks claim. This Court has held that the substitution of “a” for “any” is “of no consequence” in the articulation of the Giglio standard. See Ventura, 419 F.3d at 1282. There also is no relevant distinction between “jury verdict” and “judgment of the jury,” as both refer to the jury’s “decision” on the issue of the defendant’s guilt. See Oxford English Dictionary (2d ed. 1989); accord Black’s Law Dictionary (9th ed. 2009).
Although the circuit court incorrectly stated that “[t]he materiality prong [used in Giglio ] is the same as that used in Brady,” Trepal II, 846 So.2d at 425, this single misstatement is “insufficient” to support the conclusion that the circuit court applied the wrong standard in its adjudication of Trepaks claim. Cf. Ventura, 419 F.3d at 1285-86. The circuit court offered no explanation of the Brady materiality standard, but articulated the Giglio materiality standard in terms that closely approximate those used by the United States Supreme Court. Compare id. (observing that false testimony is “material if there is a reasonable likelihood that it could have affected the jury verdict”) (internal quotation marks omitted), with United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976) (observing that false testimony is material “if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury”). That the circuit court explained the Giglio standard and not the Brady standard suggests that, if the circuit court believed that the same standard applied to both Giglio and Brady claims, then that so-called “same” standard was the Giglio standard. In that case, the circuit court applied the correct standard to Trepaks Giglio claim.
The circuit court also applied the Giglio standard using correct terminology. After the circuit court correctly articulated the Giglio standard at the beginning of its discussion of Trepaks Giglio claim, see Trepal II, 846 So.2d at 425, the circuit court ruled “that there [was] no reasonable likelihood that the verdict would have been different” in either the guilt phase or the penalty phase of Trepaks trial had Martz *1120 not testified falsely, id. at 426. Trepal contends that the circuit court misapplied the Giglio standard when it used the term “would” instead of “could,” but that argument fails. The conclusion of the circuit court that “there [was] no reasonable likelihood that the verdict would have been different” in the absence of Martz’s false testimony, id. at 426, is a satisfactory response to the question whether there was “any reasonable likelihood that the false testimony could have affected the judgment of the jury,” Agurs, 427 U.S. at 103, 96 S.Ct. at 2397. As a matter of logic, when answering the question posed by the Giglio standard, saying that there is no reasonable likelihood that the verdict would have been different is the same as saying that there is no reasonable likelihood that the verdict could have been different. This Court too has used the term “would” in applying the Giglio standard to reach the conclusion that false testimony did not satisfy that standard. Sitting en banc in McCleskey v. Kemp, an appeal from a grant of habeas corpus relief, this Court correctly stated that false testimony is material under the Giglio standard if “it could ‘in any reasonable likelihood have affected the judgment of the jury.’ ” 753 F.2d 877, 885 (11th Cir.1985) (en banc) (quoting Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972)). We then applied the standard and, like the Florida circuit court that adjudicated Trepal’s claim, concluded that the false testimony at issue was not material because it “would have had no effect on the jury’s decision.” Id. (emphasis added). We reversed the grant of habeas corpus relief as to the petitioner’s Giglio claim. Id. We cannot fault the circuit court for applying the Giglio standard using the same language that we have used when we have applied it.

C. Neither the Supreme Court of Florida Nor the Florida Circuit Court Unreasonably Applied Clearly Established Federal Law in Its Adjudication of Trepal’s Giglio Claim.

Neither the Supreme Court of Florida nor the Florida circuit court unreasonably applied the Giglio standard of materiality to Trepaks Giglio claim when those courts determined that there was no reasonable likelihood that Martz’s false testimony could have affected the judgment of the jury at Trepaks trial, see Trepal II, 846 So.2d at 425-28. Martz’s testimony was useful only to establish the particular type of thallium in the three full bottles of Coca-Cola taken from the Carr residence and the glass bottle taken from Trepaks garage. The government established through other witnesses that thallium in any form is rare and unavailable to the general public and that thallium in some form had been added to the three bottles taken from the Carr residence and was contained in the glass bottle taken from Trepaks garage. Fairminded jurists considering this unchallenged testimony in combination with the wealth of unchallenged circumstantial evidence of Trepaks guilt presented at trial could disagree whether Martz’s false testimony could have affected the judgment of the jury at Trepaks trial. Cf. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004). That “fairminded jurists could disagree on the correctness of the state eourt[s’] decision[s]” means that we cannot grant Trepal federal habeas relief on the basis of his Giglio claim. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).